TAYLOR, Judge.
The appellant, Timothy John Womack, pleaded guilty to theft in the second degree. He was sentenced to three years in prison but was placed on five years’ probation under the Split Sentence Act. If he fulfilled the terms of his probation, the three-year sentence would be suspended. The instant appeal is a result of the revocation of appellant’s probation.
The state requests that this case be remanded to the Circuit Court for Etowah County so that that court can make written findings as to the evidence it relied on in revoking probation. We agree. We recently remanded a case for this very reason. See Grimes v. State, 579 So.2d 693 (Ala.Cr.App.1991). As stated in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), certain due process rights are guaranteed when an individual’s probation or parole has been revoked. One of these guarantees is that the appellant will be given “a written statement by the factfinder as to the evidence relied on and the reasons for revoking [probation or] parole.” Gagnon, 411 U.S. at 786, 93 S.Ct. at 1762.
Thus, on the authority of Morrissey, Gagnon, and Grimes this case is remanded to the Circuit Court of Etowah County so that the trial court may make written findings as to the evidence relied on in revoking probation. A copy of the court’s findings shall be filed with this court within 90 days.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO -REMAND
TAYLOR, Judge.
We remanded this case so that the trial court could make written findings as to its *108 reasons for revoking the appellant’s probation. The trial court has fully complied with our instructions, thereby fulfilling the requirements of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The revocation of the appellant’s probation is affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.